IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDY BUTZLAFF, )
)
        Plaintiff, ) Civil Action No.: 11-CV-223
v. )
)
LIGHTHOUSE RECOVERY )
ASSOCIATES, LLC, )
)
        Defendant. )
)

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Court has before it Defendant's Motion for Summary Judgment, and all attachments including affidavits.

Plaintiff filed his Complaint on March 1, 2011 seeking judgment against Defendant based on alleged violations of 15 U.S.C. 1692c(a)(2) [Contacting Plaintiff after it knew Plaintiff was represented by counsel], 15 U.S.C. 1692d [engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff], 15 U.S.C. 1692(d)(5) [using the telephone with the intent to harass, annoy or abuse Plaintiff], 15 U.S.C. 1692e(4) [representation that non-payment will result in garnishment of Plaintiff's wages], 15 U.S.C. 1692e(5) [threatening a lawsuit when a lawsuit was not intended], and 15 U.S.C. 1692e(11) [calling Plaintiff without leaving the requisite warning].

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of some factual dispute

does not defeat a summary judgment motion; there must be a genuine issue of material fact for the case to survive. *Id.* at 247-248. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago,* 119 F.3d 1286, 1291 (7th Cir.1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex,* 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Review the Defendant's Motion for Summary Judgment indicates Plaintiff has failed to come forward with sufficient evidence to support all essential elements of his claim. Thus, plaintiff's motion for entry of default judgment will be granted. See FED. R. CIV. P. 56(a) the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Accordingly it is hereby:

ORDERED that Defendant's Motion for Summary Judgment [17] is GRANTED; it is

FURTHER ORDERED that the Court DECLARES this action was brought in bad faith and for the purpose of harassment of Defendant pursuant to 15 U.S.C. § 1692k(a)(3).

FURTHER ORDERED that the Defendant's counsel, for maintaining such an action, shall pay to Defendant an award of the Defendant's attorney's fees

reasonable in relation to the work expended and costs. Defendant shall file its affidavit of attorney's fees and bill of costs for consideration by the Court.

FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court. This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

/s/_____
WILLIAM C. GRIESBACH
United States District Judge

DATE: